U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 6 2016

TONY R. MOORE, CLERK
BY: _____MB_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ROBERT H. TITUS, II | CIVIL ACTION NO. 6:15-1634 |
| -vs- | JUDGE DRELL |
| AMERIWOOD INDUSTRIES, INC. | MAGISTRATE JUDGE WHITEHURST |

## ORDER

Before the court is Ameriwood Industries, Inc.'s (Ameriwood) motion for spoliation sanctions. (Doc. 30). For the following reasons, Ameriwood's motion is **GRANTED IN PART and DENIED IN PART**.

This suit arises out of an April 4, 2014 incident in which Plaintiff, Robert Titus, claims he was injured when he fell from a ladder sold by Ameriwood. (See Doc. 1-2). Several months after suit was filed, Ameriwood retained an expert, Dr. Erick Knox, to examine the ladder at issue. Dr. Knox visually inspected and photographed the ladder but was unable to examine the welds attaching the rungs to the side rails because doing so required cutting away the black plastic caps covering the welds. (See Doc. 30-4). Thereafter, Plaintiff hired an expert, Dr. Angelique Lasseigne, to evaluate the ladder. On November 17, 2015, Plaintiff delivered the ladder to Dr. Lasseigne, who performed failure analysis testing on the top sliding section of the ladder. In this testing, Dr. Lasseigne first removed the black plastic covering the welds on the bottom two rungs of the top sliding section and then cut each weld away from the side rails and the rungs. (See Docs.

1

30-7, pgs. 8–9; 30-8, pgs. 3–4). Ameriwood filed the instant motion arguing that Dr. Lasseigne's destructive testing constituted spoliation of evidence and seeking to have Plaintiff's case dismissed or, alternatively, to exclude Dr. Lasseigne's opinions and give the jury an adverse inference instruction.

Spoliation is the destruction or the significant and meaningful alteration of evidence in pending or reasonably foreseeable litigation. See Rimkus Consulting Grp., Inc. v. Cammarata, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010). While Federal Rule of Civil Procedure 37 applies to circumstances in which a party has violated a court order, federal courts have the inherent power to impose sanctions for spoliation of evidence when no statute or rule adequately addresses the conduct. See Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991); Fed. R. Civ. P. 37(b)(2). When acting pursuant to its inherent power to regulate the litigation process, "the court's ability to sanction is limited by the party's degree of culpability," which, in the 5th Circuit, requires a finding of bad faith. Yelton v. PHI, Inc., 279 F.R.D. 377, 385 (E.D. La. 2011). See also Sample v. Miles, 239 Fed. App'x 14, 21 n. 20 (5th Cir. 2007).

Ameriwood does not allege that Plaintiff violated any court order but simply argues: Plaintiff had a duty to preserve the evidence, the evidence was destroyed in bad faith, and Ameriwood was prejudiced by the evidence being spoliated. Accordingly, Ameriwood's motion is before us pursuant to the court's inherent power; thus, we must find bad faith to impose sanctions.[1]

---

[1] The court notes that a "duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation." Premier Dealer Servs., Inc. v. Duhon, No. 12-1498, 2013 WL 6150602, at *3 (E.D. La. Nov. 22, 2013). In this case, Plaintiff clearly had a duty to preserve the ladder because whether or not the ladder was defectively manufactured is the primary issue in this litigation.

2

In support of its bad faith argument, Ameriwood relies on cases which purport to infer bad faith from the facts and circumstances surrounding the litigation. See, e.g., In re Actos (Pioglitazone) Products Liab. Litig., No. 6:11-MD-2299, 2014 WL 2872299 (W.D. La. June 23, 2014); Ashton v. Knight Transp., Inc., 772 F. Supp. 2d 772, 775 (N.D. Tex. 2011); Little v. McClure, No. 5:12-CV-147, 2014 WL 3778963 (M.D. Ga. July 31, 2014). Ameriwood argues bad faith should be inferred in this case because "Plaintiff's counsel did not warn Dr. Lasseigne not to conduct destructive testing on the ladder," and Plaintiff gave Dr. Lasseigne permission to perform destructive testing without notifying Ameriwood. (See Doc. 30-1, pgs. 9–11).

Considering there is no question that Plaintiff's Counsel knew the importance of the ladder to this litigation, we are befuddled by his complete failure to communicate with Dr. Lasseigne about the testing to be performed. (See Doc. 30-5, p. 5). Additionally, Plaintiff should have known, at the very least, to contact Plaintiff's Counsel or Ameriwood before giving Dr. Lasseigne permission to cut the ladder. Despite the lack of communication and poor judgment by Plaintiff and Plaintiff's Counsel, we do not find any evidence in the record of an intentional motive to destroy or alter the ladder or sufficient evidence for an inference of bad faith. Plaintiff and Plaintiff Counsel's actions may have been improper, negligent, and/or prejudicial, but we simply do not find their actions rose to a degree of culpability that equates to bad faith. Thus, the most severe sanctions, such as dismissal of Plaintiff's case or an adverse jury instruction, are not available remedies in this case. See Rimkus, 688 F. Supp. 2d at 614 ("As a general rule, in this circuit, the severe sanctions of granting default judgment, striking pleadings, or giving adverse inference instructions may not be imposed unless there is evidence of 'bad faith.'").

3

However, we do find that a lesser remedy is appropriate due to the prejudice that Ameriwood has suffered by the destructive testing. In contrast to the cases cited by Ameriwood, the evidence here has not been completely destroyed or lost. Ameriwood's expert examined the ladder before Dr. Lasseigne performed the destructive testing and has had the ability to examine the current state of the ladder after Dr. Lasseigne's testing. In light of this, we find it appropriate to allow the parties to put on complete evidence about the alleged spoliation at trial. See Rimkus, 688 F. Supp. 2d at 618 (citations omitted) ("A measure of the appropriateness of a sanction is whether it 'restore[s] the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.'"). Ameriwood will be allowed to present evidence to the jury regarding the ramifications of Dr. Lasseigne's destructive testing, fully explore the spoliation issue with all relevant witnesses, and discuss any limitations on Ameriwood's expert in his testing of the ladder either before or after Dr. Lasseigne's testing. Ameriwood's counsel will also be allowed, to the fullest extent, to argue and explain prejudice as a result of the destructive testing.

Thus, Ameriwood's motion for spoliation sanctions (Doc. 30) is hereby **GRANTED IN PART and DENIED IN PART**, consistent with the foregoing.

SIGNED on this 16th day of June, 2016 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4